## GEDDES & MOSS UNDERTAKING & EMBALMING CO., Limited, v. FIRST NAT. LIFE INS. CO., Inc.
### No. 14804.

Court of Appeal of Louisiana. Orleans.

Feb. 4, 1935.

Chas. J. Mundy, of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

### PER CURIAM.

This is a suit on a policy of life insurance. Mary Thomas, the beneficiary named in the policy, has assigned her rights thereunder to the Geddes & Moss Undertaking & Embalming Company, Limited, and that corporation appears as plaintiff. Defendant life insurance company filed a plea of prescription, which was sustained in the district court, and, from a judgment dismissing the suit, plaintiff has appealed.

The plea of prescription is based on a stipulation said to be contained in the policy and which is alleged to read, in part, as follows:

"That no suit shall be brought against defendant after two years from the time when the right of action shall accrue," etc.

When the matter was called for argument before us, counsel for plaintiff called attention to the fact that the policy had not been offered in evidence and he contended that, in the absence of the policy and in the absence of an agreement as to what it contained, there is no evidence before us to show that it contained the provision which forms the basis of the plea of prescription.

Counsel for defendant explains the absence of the policy by stating that it is filed in another suit and that it was his belief that there was an understanding with counsel for plaintiff as to the contents of the policy, and that the policy itself need not be filed.

There is evidently a misunderstanding as to what occurred in the court below, and, in the absence of a written agreement of counsel, we are powerless to hold that there was an agreement making unnecessary the production of the policy.

In the absence of the policy and in the absence of such an agreement and in the absence of other legal evidence as to the contents of the policy, there is before us no proof that the said policy contained the provision relied upon, and we, therefore, cannot affirm the judgment dismissing the suit on the plea of prescription, but feel that the matter should be remanded to the district court for such legal evidence as may be available to show the contents and terms of the policy in question.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this matter be remanded to the district court for further proceedings not inconsistent with the views herein expressed and according to law.

Remanded.